IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHEYENNE PATE | § | |
| v. | § | CIVIL ACTION NO. 6:12cv866 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Cheyenne Pate, proceeding *pro se*, filed this application for the writ of habeas corpus challenging the legality of his pending prosecution. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pate challenges an indictment for the offense of bribery, saying that the prosecution is barred by double jeopardy and the statute of limitations and that the district court lacks jurisdiction because the indictment was not presented properly. The Respondent answered the petition and contended that Pate has not exhausted his state remedies, to which Pate responded that he sought relief through a state habeas corpus application under Article 11.07 of the Texas Court of Criminal Procedure.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice for failure exhaust state remedies. The Magistrate Judge observed that Pate's state habeas petition was "dismissed" by the Court of Criminal Appeals, indicating that it was not adjudicated on the merits but on a procedural ground unrelated to the merits. Under state law, Article 11.07 is reserved for post-conviction habeas petitions, which Pate's was not; Article 11.08 sets out the procedures for pre-conviction habeas petitions. The Magistrate

Judge stated that the distinction between these code provisions was more than merely semantic, because petitions under Article 11.08 are reviewable by the intermediate appellate courts while petitions under Article 11.07 are not. Because Pate filed a pre-conviction petition under Article 11.07, the Magistrate Judge determined that he had not presented his claims to the highest state court in a procedurally proper manner, and thus had failed to exhaust his state remedies. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).

Pate received a copy of the Magistrate Judge's Report on April 26, 2013, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings and records in this cause as well as the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 26) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is hereby DISMISSED without prejudice for failure to exhaust state remedies. It is further

ORDERED that the Petitioner Cheyenne Pate is hereby DENIED a certificate of appealability *sua sponte*. The denial of this certificate refers only to an appeal of the present habeas petition and shall have no effect upon Pate's right to present his claims to the courts of the State of Texas in a procedurally proper manner, or to thereafter seek relief in federal court in the event that he does not obtain the relief he seeks in state court. Finally, it is

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 3rd day of June, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**